JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-02389-RGK (PLAx) | Date | April 27, 2010 |
|---|---|---|---|
| Title | *THE LIPODERM INSTITUTE, INC., et al., v. MOCA HOLDINGS, LLC, et al.,* | | |

| Present: The Honorable | R. GARY KLAUSNER, U.S. DISTRICT JUDGE | | |
|---|---|---|---|
| Sharon L. Williams | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** (IN CHAMBERS) ORDER REMANDING CIVIL ACTION TO STATE COURT

On April 1, 2010, Defendants removed this action from the Los Angeles Superior Court of California, to the United States District Court, Central District of California, pursuant to 28 U.S.C. § 1452(a) and Federal Rule of Bankruptcy Procedure 9027(a).

Removal jurisdiction is governed by statute. *See* 28 U.S.C. §§ 1441, et seq. The Ninth Circuit has held unequivocally that the removal statute is construed strictly against removal. *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988). The strong presumption against removal jurisdiction means that "the defendant always has the burden of establishing that removal is proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (*citing Nishimoto v. Federman-Bachrach & Assocs.*, 903 F.2d 709, 712 n.3 (9th Cir. 1990)); *see also In re Ford Motor Co./Citibank (South Dakota), N.A.*, 264 F.3d 952, 957 (9th Cir. 2001) ("The party asserting federal jurisdiction bears the burden of proving the case is properly in federal court.").

Upon filing of a bankruptcy petition by a debtor, 28 U.S.C. 1452(a), permits a party to remove a claim or cause of action that is related to the bankruptcy case to the federal district court. In addition, the court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground. 28 U.S.C. §1452(b).

Defendants' notice of removal informs the Court that on March 17, 2010, Defendants Vision Advertising, LLC, MCOA Holdings, LLC and Menopause Clinics of American Management Company, LLC filed chapter 7 petitions in the U.S. Bankruptcy Court, Southern District of California (Case numbers 10-04239-PB7, 10-04234-LT7, and 10-04237-JM7. (Notice of Removal ¶ 23.) Defendants assert that the Court has jurisdiction over the matter because MCOA and MCOAMC, as prospective counter-claimants, will be seeking recovery of preferential payments from Plaintiffs. Defendants also argue that, by way of their action for Breach of Contract and other various state law claims, Plaintiffs

will seek to liquidate claims against the Debtors. Therefore, Defendants argue that the underlying civil action "arises in" or is "related to" a case under Title 11 as provided in 28 U.S.C. Section 1334(b). (Notice of Removal ¶ 30A.)

After careful consideration of Defendants' Notice of Removal, it does not appear that parties have litigated the state action to the point where this Court can discern a fully developed claim or counterclaim related to the bankruptcy action, Defendants have yet to file an answer or any counterclaims in the state action. Defendants fail to show that, at present, any of the state claims are "core" to the bankruptcy proceeding under 28 U.S.C. §157(b)(2). Accordingly, Defendants' removal is improper.

For the foregoing reasons, the above-entitled case is ordered **REMANDED** to Superior Court for all further proceedings for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**

|  | : |
|---|---|
| Initials of Preparer | slw |